**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000450
15-SEP-2016
08:06 AM**

NO. CAAP-15-0000450

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LANAKILA NILES, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-14-05558)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Lanakila Niles (**Niles**) appeals from
the Notice of Entry of Judgment and/or Order and Plea/Judgment,
entered on May 26, 2015, in the District Court of the First
Circuit, Honolulu Division (**district court**).[1] The district court
convicted Niles of one count of Operating a Vehicle Under the
Influence of an Intoxicant (**OVUII**), in violation of Hawaii
Revised Statutes (**HRS**) § 291E-61(a)(1) and (3) (Supp. 2015).[2]

---

[1] The Honorable David W. Lo presided.

[2] HRS § 291E-61(a)(1) and (3) (Supp. 2015) provides:

> **§291E-61 Operating a vehicle under the influence of an
> intoxicant.** (a) A person commits the offense of operating a
> vehicle under the influence of an intoxicant if the person
> operates or assumes actual physical control of a vehicle:

On appeal, Niles argues that the district court wrongly convicted him because: (1) the charge was fatally defective for failing to define "alcohol," Hawaii Revised Statutes (HRS) §§ 291E-1 (2007) and -61 (Supp. 2015) are void for vagueness if they include beverages that do not meet the definition of "alcohol," and the State failed to prove he consumed "alcohol"; (2) the district court violated his constitutional right to testify by engaging him in an insufficient colloquy; (3) Plaintiff-Appellee State of Hawai'i (**State**) failed to lay a sufficient foundation for the admission of the Intoxilyzer test results and, thus, there was insufficient evidence to support the OVUII conviction under HRS § 291E-61(a)(3); and (4) the State failed to lay the requisite foundation for admission of testimony regarding his performance on the Standardized Field Sobriety Test (**SFST**) and, thus, there was insufficient evidence to support the OVUII conviction under § 291E-61(a)(1).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Niles's points of error as follows.

(1) The Complaint was not defective for failing to include the definition of "alcohol" set forth in HRS § 291E-1. State v. Turping, 136 Hawai'i 333, 339, 361 P.3d 1236, 1242 (App. 2015), cert denied, No. SCWC-13-0002957, 2015 WL 3381360 (May 20, 2015); HRS § 291E-1 (2007). Moreover, HRS §§ 291E-1 and -61 are not void for vagueness because OVUII "includes being under the influence of ethyl alcohol commonly found in beverages such as beer and wine" and "beer and wine are commonly known as alcoholic beverages." State v. Boyd, (SDO) No. CAAP-15-0000528, 2016 WL

---

(1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

. . . .

(3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

2

3369242, at *1 (Haw. App. June 15, 2016); see also, State v. Tsujimura, 137 Hawai'i 117, 121-22, 366 P.3d 173, 177-78 (2016) cert. granted, No. SCWC-14-0001302, 2016 WL 3569896 (Jun. 24, 2016). Niles's arguments that there was insufficient evidence to prove he consumed alcohol is without merit, as there was evidence that he consumed beer.

(2) The district court plainly erred by failing to obtain a valid on-the-record waiver of Niles's right to testify. See State v. Staley, 91 Hawai'i 275, 286-87, 982 P.2d 904, 915-16 (1999). The district court's pre-trial colloquy was deficient for omitting: that Niles had the right to testify; and that, if he did not testify by the end of trial, the court would briefly question him to ensure that the decision not to testify was his own.[3] See State v. Lewis, 94 Hawai'i 292, 297, 12 P.3d 1233, 1238 (2000).

The colloquy during trial was also deficient because the district court failed to advise Niles of his right to testify, Tachibana v. State, 79 Hawai'i 226, 236, 900 P.2d 1293, 1303 (1995), and if he wanted to testify no one could prevent him from doing so.[4] Id. at 236 n.7, 900 P.2d at 1303 n.7.

---

[3] The district court's pre-trial colloquy was as follows:

> THE COURT: And Mr. Niles, before the State proves this charge against you I wish to advise you that you have the right to remain silent. And if you remain silent, I will not hold that against you.
>
> And if you testify, the prosecutor has the opportunity to cross examine you, you understand?
>
> [Niles]: Yes.

[4] The district court's Tachibana colloquy with Niles during trial was as follows:

> THE COURT: . . .
>
> Mr. Niles, as I said at the outset, you have the right to remain silent. If you remain silent I will not hold that against you. If you testify, the prosecutor has the opportunity to cross examine you. Do you understand that?

It cannot be said that the district court's violations were harmless beyond a reasonable doubt, Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307, because it is unknowable from the record whether any testimony by Niles would have established reasonable doubt that he committed OVUII. State v. Pomroy, 132 Hawai'i 85, 94, 319 P.3d 1093, 1102 (2014), as corrected (Jan. 29, 2015); State v. Hoang, 94 Hawai'i 271, 279, 12 P.3d 371, 379 (App. 2000).

Despite our ruling with regard to the Tachibana colloquy, we must proceed to address whether there was sufficient evidence to support the convictions. See State v. Spinelli, (SDO) No. CAAP-14-0001357, 2016 WL 937625 at *1 (Haw. App. Mar. 11, 2016).

(3) In light of State v. Won, 137 Hawai'i 330, 372 P.3d 1065 (2015), the district court erred in admitting into evidence the results of the Intoxilyzer test. In Won, the Hawai'i Supreme Court held, in similar circumstances, that the defendant's decision to submit to a breath test was not voluntary. Id. at 355, 372 P.3d at 1090. Like in Won, therefore, the results of Niles's breath test must be suppressed. Without the results of the breath test, there is insufficient evidence to support the conviction under HRS § 291E-61(a)(3).

(4) Niles contends that the State failed to lay a sufficient foundation for admission of testimony regarding

---

[Niles]: Yes.

THE COURT: Have you yourself made a decision to remain silent or take the stand?

[Niles]: Silent.

THE COURT: That's your decision?

[Niles]: Yes.

THE COURT: Okay. Defense rests?

[Niles's Counsel]: Defense rests, Your Honor.

4

Niles's performance on the SFST.  In particular, Niles argues the district court erred in allowing Officer Gazelle's "testimony on the grading of the SFST based on clues, his opinion that Niles had failed and his opinion on [Niles's] state of sobriety and inability to safely operate a vehicle."  Niles thus contends that without such testimony, there was insufficient evidence to support his conviction under HRS § 291E-61(a)(1).  We do not agree.

> As even Niles acknowledges in his opening brief,
>
> an arresting officer may be permitted to testify as to his or her physical observations about a DUI arrestee's performance on [SFST] tests and to give an opinion, based on such observations, as to whether the arrestee was intoxicated when arrested. . . . [H]owever, we conclude that an arresting officer may not, without a proper foundation being laid, testify that, in his or her opinion, a DUI arrestee "failed" the FSTs.

State v. Ferrer, 95 Hawai'i 409, 427, 23 P.3d 744, 762 (App. 2001).  Ferrer further stated that:

> Pursuant to [State v. Nishi, 9 Haw. App. 516, 852 P.2d 476 (1993)] and [State v. Toyomura, 80 Hawai'i 8, 904 P.2d 893 (1995)], therefore, it is permissible for a police officer to testify as a lay witness about his or her observations of a defendant's performance on various FSTs and to give an opinion, based on such observations, that the defendant was intoxicated. However, unless proper foundation is laid, it is improper for a police officer to testify that in his or her opinion, a defendant "failed" or "passed" a FST.

Id. at 429, 23 P.3d at 764.  Therefore, it was appropriate in this case, at a minimum, to allow Officer Gazelle's testimony regarding his observations of Niles as Niles performed the SFST.

Moreover, there was testimony from Officer Borges that: he observed Niles on Ala Moana Boulevard drive his vehicle onto a sidewalk, narrowly missing a pedestrian; Niles's vehicle continued on the sidewalk for quite a distance until it quickly swerved onto the roadway, bouncing as it re-entered the roadway; after turning onto Ward Avenue, the tire of Niles's vehicle crossed over into the lane of oncoming traffic and then Niles overcorrected and swerved toward a white line separating his lane from the lane in which Officer Borges was driving; after Officer Borges stopped Niles, Officer Borges observed, inter alia, Niles

become confused when asked for his car registration which was sitting on his lap, that Niles had red watery eyes, that there was a very strong odor of a consumed alcoholic beverage consuming the interior of the vehicle, and that Niles had slow slurred speech; and when asked if he had been drinking, Niles replied that he had two beers.

Based on the properly admitted evidence, and viewing such evidence in the strongest light for the prosecution, State v. Batson, 73 Haw. 236, 248, 831 P.2d 924, 931 (1992), there was sufficient evidence adduced to support the conviction of Niles under HRS § 291E-61(a)(1).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 26, 2015, in the District Court of the First Circuit, Honolulu Division, is vacated and this case is remanded for a new trial on the charge of OVUII under HRS § 291E-61(a)(1).  However, the conviction for OVUII under HRS § 291E-61(a)(3) is reversed.

DATED:  Honolulu, Hawaiʻi, September 15, 2016.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

James M. Anderson,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

6